UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CIVIL ACTION NO. 07-93-JBC**

**ROY POWELL,**                                                                                                                    **PLAINTIFF,**

**V.**                         **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                                                **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (DE 12). The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

**Background**

The plaintiff brought this action challenging the denial of his application for Supplemental Security Income. Upon the motion of the Commissioner, this court reversed the administrative decision and remanded the action for further consideration by the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). The plaintiff now moves for an award of attorney's fees for 10.3 hours of work at the rate of $100 per hour. The Commissioner notes that the itemization of time in the plaintiff's fee petition totals only 9.5 hours, to which the Commissioner has no objection. The plaintiff also requests the fee be paid to his

1

attorney, to which the Commissioner objects absent a written agreement from the plaintiff allowing for payment of EAJA fees directly to his attorney. Subsequently, the plaintiff filed a revised fee agreement.

**Analysis**

This court must resolve the issue of whether an EAJA award may go to the plaintiff's attorney or whether it must go directly to the plaintiff. Neither party points to Sixth Circuit authority directly addressing this issue.[1] When interpreting statutes, the court must start with the language of the statute itself. *United States v. Health Possibilities, P.S.C.,* 207 F.3d 335, 339 (6th Cir. 2000). "If the words of the statute are unambiguous, the judicial inquiry is at an end, and the plain meaning of the text must be enforced." *Id; see also Vergos v. Gregg's Enterprises, Inc.,* 159 F.3d 989, 990 (6th Cir. 1998)("Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms.")(quoting *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241 (1989)). The EAJA provides that

> a court shall award to a *prevailing party* other than the United States fees and other expenses . . . *incurred by that party* in any civil

---

[1] *See King v. Commissioner of Social Security,* 230 F. App'x 476 (6th Cir. 2007 ) (case involving district court's denial of fee request on basis that the claimant's counsel was applying for fees on her own behalf rather than on the claimant's behalf; court stated fees are payable to the attorney "either directly or through the hands of the prevailing party."); *Willis v. Sullivan,* 931 F.2d 390 (6th Cir. 1991)(court, without discussion on this issue, affirming lower court's EAJA award to a plaintiff's attorney); *Perket v. Sec'y of Health and Human Services,* 905 F.2d 129 (6th Cir. 1990) (court, without discussion on this issue, upholding district court ruling that plaintiff was entitled to attorney fees under the EAJA).

> action . . . including proceedings for judicial review of agency action, . . . unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A)(emphasis added). The court finds that the clear language of the statute requires attorney's fees to be awarded to the plaintiff as the "prevailing party," rather than to the plaintiff's attorney. *See Brilliance Audio, Inc. v. Haights Cross Communications, Inc.,* 474 F3d 365, 371 (6th Cir. 2007)("If the language of the statute is clear, then the inquiry is complete, and the court should look no further.")(quoting *Tenn. Valley Auth v. Hill,* 437 U.S. 153, 185 n.29 (1978)).

In addition to the "prevailing party" language, other portions of the statute indicate that it is the party, and not the attorney, who must receive the award. For instance, attorney's fees are included in the definition of "fees and other expenses" along with expert witness fees and costs of any studies, reports, and tests necessary for the preparation of the party's case, indicating attorney's fees are treated as any other cost when applying for the award. 28 U.S.C. § 2412(d)(2)(A). Also, in order to be eligible for the award, the prevailing party, not the party's attorney, must meet certain economic thresholds. 28 U.S.C. § 2412(d)(2)(B) ("party" means an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed). Further, the EAJA requires the prevailing party to submit an application for fees and expenses that includes "an itemized statement from any attorney or expert witness representing or appearing in behalf of the

3

party," clearly indicating the attorney is not an applicant under the EAJA. 28 U.S.C. § 2412(d)(1)(B).

Beyond the clear statutory language of the EAJA, the statute's purpose of "eliminat[ing] for the average person the financial disincentive to challenge unreasonable governmental actions" further supports the conclusion that the "prevailing party," not the party's attorney, may recover fees when the government's action was not substantially justified. *Comm'r, I.N.S. v. Jean,* 496 U.S. 154, 163 (1990). This interpretation is also consistent with the many other statutory grants of authority allowing attorney's fees which confer that right upon the parties themselves, rather than upon the attorneys. *Panola Land Buying Ass'n v. Clark,* 844 F.2d 1506 (11th Cir. 1988) (stating that practically all of the over 130 statutory grants of authority allowing attorney fees confer that right upon the parties). Further, if Congress had intended the award to be paid directly to the attorney, Congress could have expressly provided for that in the EAJA statute, as it has in 42 U.S.C. §406(b).[2] Although an attorney must refund to the claimant the smaller fee if the attorney receives fees payable under §406(b) and the EAJA, this ensures the attorney does not receive double compensation, and does not indicate that both awards are paid directly to the attorney. *See Gisbrecht v. Barnhart,* 535

---

[2] "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation . . . and the Commissioner of Social Security may . . . certify the amount of such fee for payment *to such attorney* out of . . . the amount of such past-due benefits." 42 U.S.C. §406(b)(1)(A) (emphasis added).

U.S. 789, 796 (2002) ("[A]n EAJA award offsets an award under §406(b) so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits.").

The court is cognizant that the plaintiff must have had the assistance of counsel in order to request EAJA attorney's fees, as *pro se* litigants are not entitled to attorney's fees under the statute. 28 U.S.C. § 2412(d)(1)(B) (requiring prevailing party to submit an itemized statement from the attorney appearing in behalf of party stating the actual time expended and the rate at which fees were computed); *see King,* 230 F. App'x at 481 (The "attorney's fees awarded under the EAJA are payable to the attorney; they are awarded for the benefit of the party, but the money is not the party's to keep."). While a party "cannot request an award of attorney's fees unless he is required to pay those fees to his attorney," *King,* 230 F. App'x at 481, (6th Cir. 2007), the statute is clear that the court must award those fees to the "prevailing party." *See also McGraw v. Barnhart,* 450 F.3d 493, 503 (10th Cir. 2006)(EAJA award "is to the claimant, who may or may not tender that award to counsel, regardless of their agreement"); *Reeves v. Barnhart,* 473 F.Supp.2d 1173, 1176 (M.D. Ala. 2007)("[T]he award was [the plaintiff's] to distribute to his attorney or any other professional who assisted with his case."), *aff'd, Reeves v. Astrue,* 2008 WL 1930587 (11th Cir. May 5, 2008). Finally, the court finds any concern that awarding the fees to the "prevailing party" will close

5

the door to individuals seeking legal aid to appeal denied claims because attorneys will receive less than full compensation does not outweigh the mandatory language of the statute. *See Evans v. Jeff. D.,* 475 U.S. 717, 743 n.34 (1986) (In context of 42 U.S.C. §1988 attorney's fees, Supreme Court stating it was a remote possibility that a client's decision to bargain away a fee award may diminish lawyer's expectations of statutory fees thereby shrinking the pool of lawyers willing to represent the plaintiffs in such cases.).

In this case, the plaintiff's motion for attorney's fees is reasonable as to the 9.5 hours expended on this matter. The court finds that under the clear language of 28 U.S.C. § 2412(d)(1)(A), the attorney's fees should be payable to the plaintiff, as the "prevailing party," as opposed to plaintiff's counsel. This finding is consistent with the Tenth Circuit's recent holding in *Manning v. Astrue,* 510 F.3d 1246 (10th Cir. 2007) and the Eleventh Circuit's holding in *Reeves v. Astrue,* 2008 WL 1930587 (11th Cir. May 5, 2008). The court believes the Sixth Circuit would follow a similar analysis and reach the same conclusion.

The court also finds that the plaintiff's assignment of the attorney's fee award does not alter the outcome of this matter.[3] The private agreement between

---

[3] In its response to the plaintiff's request for EAJA fees, the government specifically stated that "[w]hile the motion requests that the award be payable to plaintiff's attorney, the motion contains no assignment of EAJA fees regarding the payment of fees. . . . As such, the Commissioner objects to [the] plaintiff's motion in that it requests that any EAJA award be payable to plaintiff's attorney." DE 13. Following the government's response, the plaintiff furnished documentation of the assignment of EAJA fees. DE 14. Although the government did not object to the filing of the agreement nor does it appear to object to assignment agreements in

the plaintiff and his attorney cannot overcome the clear EAJA mandate that the award is to go to the plaintiff as the prevailing party.  Accordingly,

**IT IS ORDERED** that the motion for attorney's fees (DE 12) is **GRANTED** in part to the extent of 9.5 hours of work.

**IT IS FURTHER ORDERED** that the plaintiff is awarded fees under the Equal Access to Justice Act in the amount of nine hundred and fifty dollars ($950).

Signed on  June 2, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY

---

general, the government's view does not negate or diminish the statutory language.